**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:08cr107-2**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| ) | |
| **MONIKIA TYREE CREDLE.** ) | |
| ————————————————) | |


**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under Title 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10(c) per Amendment to Base Offense Level Crack Cocaine One to One Ratio with Powder [Doc. 62].

On October 8, 2008, the Defendant was charged in a one count bill of indictment with conspiracy to possess with intent to distribute at least 50 grams of cocaine base. [Doc. 1]. She entered into a plea agreement with the Government and was subsequently sentenced on June 4, 2009 by Hon. Lacy H. Thornburg to serve 57 months imprisonment.[1] [Docs. 20, 43].

————————————————

[1]The Defendant's case was reassigned to the undersigned when Judge Thornburg retired.

The Defendant was thus sentenced under the amended guideline, Amendment 706, which reduced by two levels the base offense level for offenses involving cocaine base.  U.S.S.G. §1B1.10(c) (as amended by Amendment 706, effective November 1, 2007).  Pursuant to 18 U.S.C. §3553(f), the sentencing court also found that the Defendant was eligible for a sentence below the statutory mandatory minimum sentence of 120 months.

The Defendant now moves to reduce her sentence pursuant to 18 U.S.C. §3582(c)(2) which provides that a court may reduce a sentence when the United States Sentencing Commission subsequently lowers a sentencing range applicable to a defendant.  There has, however, been no change by the Sentencing Commission which requires a one to one ratio for cocaine base and cocaine power.  United States v. Duff, 2009 WL 2245694 (W.D.N.C. 2009);  United States v. Owens, 2009 WL 3816857 (M.D.Fla. 2009).  Thus, this Court has no authority to modify the Defendant's sentence pursuant to §3582(c)(2).

The Defendant specifically seeks relief pursuant to HR 3245.  "On July 29, 2009, the House Judiciary Committee approved H.R. 3245,[2] entitled 'The Fairness in Cocaine Sentencing Act of 2009.'  The bill, if

---

[2]House of Representatives Bill 3245.

enacted, will remove references to 'cocaine base' from the U.S. Code, effectively leaving a 1-1 ratio." <u>United States v. Medina</u>, 2009 WL 2948325 (S.D.Cal. 2009). The bill has not passed either the full House or the Senate and thus has not been enacted. <u>Id</u>.; <u>United States v. Brooks</u>, 2009 WL 4927883 (W.D.Pa. 2009) ("Congress has not passed a law regarding the sentencing differences between crack and powder cocaine."); <u>United States v. Scates</u>, 2009 WL 4110383 (W.D.Wis. 2009); <u>United States v. Brown</u>, 2009 WL 3837630 (D.Me. 2009) ("[P]ending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence."); <u>Campbell v. United States</u>, 2009 WL 3415162 (E.D.Tenn. 2009). The Defendant is therefore not entitled to any relief based on pending legislation.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under Title 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10(c) per Amendment to Base Offense Level Crack Cocaine One to One Ratio with Powder [Doc. 62] is hereby **DENIED**.

Signed: January 11, 2010

Martin Reidinger
United States District Judge